Sconiers, J.
(dissenting). I respectfully dissent because I conclude that Supreme Court improvidently exercised its discretion in determining that defendant is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). In my view, we should “ ‘substitute [our] own discretion even in the absence of an abuse’ ” of discretion by the court, and I therefore would modify the order by granting defendant’s request for a downward reduction from a level two risk to a level one risk under SORA (People v Goossens, 75 AD3d 1171, 1171 [2010]; see People v Santiago, 20 AD3d 885, 885-886 [2005]). While defendant’s presumptive risk level under the risk assessment instrument was properly determined to be a level two risk, I conclude “based on the record before [this Court] that there are . . . mitigating factor[s] of a kind or to a degree[ ] not otherwise adequately taken into account” by the Risk Assessment Guidelines and Commentary (Santiago, 20 AD3d at 886 [internal quotation marks omitted]; see People v Kearns, 68 AD3d 1713, 1714 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]).
The evidence at the SORA hearing included expert testimony from a clinical psychologist who had provided numerous sessions of sex offender treatment to defendant and who had administered multiple psychological tests in evaluating defendant. Based on the expert’s extensive treatment and evaluation of defendant, she opined within a reasonable degree of psychological certainty that defendant posed a low risk of reoffending. Another psychologist provided expert testimony regarding his meetings with defendant for the purpose of conducting a clinical interview and sexual assessment of defendant. Based on that assessment, he opined that defendant represented a low risk to reoffend. Moreover, “[t]here was no allegation or evidence of forcible compulsion” by defendant (People v Brewer, 63 AD3d 1604, 1605 [2009]). Considering the foregoing and the record in its entirety, it is apparent that “defendant’s response to [sex offender] treatment was exceptional” (People v Martinez, 92 AD3d 930, 931 [2012]) and that, as a discretionary matter, he was *1536 entitled to a downward departure from his presumptive risk level. Present — Scudder, P.J., Smith, Fahey, Carni and Sconiers, JJ.